The undersigned have reviewed the award based upon the record of the proceedings before the deputy commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence as a whole, the undersigned reach the same facts and conclusions as those reached by the deputy commissioner, with some minor technical modifications. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties at the initial hearing as
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between the plaintiff and the defendant-employer on July 14 and on August 17, 1992.
3. The defendant-employer was self-insured with Sedgwick of the Carolinas, Inc., serving as the servicing agent.
4. Plaintiff's average weekly wage was $200.00.
5. The Form 18, dated October 8, 1992 and received by the Industrial Commission on or about November 19, 1992, is received into evidence by way of stipulation.
6. The medical records regarding plaintiff's treatment at Durham Orthopaedic Clinic and North Carolina Spine Center are received into evidence by way of stipulation.
 *********** Based on the competent, credible, and convincing evidence of record, the undersigned make the following additional FINDINGS OF FACT
1. Plaintiff is a 43 year old high school graduate who became employed with defendant-employer prior to 1990. Plaintiff initially worked for defendant-employer as a driver of a shuttle transport and later began working in the clean-up department.
2. At the initial hearing, plaintiff claimed that during the summer of 1992, while he was employed in the clean-up department, on or about July 14, 1992 or August 17, 1992, he experienced a pain in his back when getting out of a car he was cleaning.
3. Plaintiff did not report a work-related injury to his supervisor on either July 14 or August 17, 1992. When plaintiff arrived at work on August 17, 1992, a Monday, he informed Mr. Wigley, his supervisor, that his back was hurting. Plaintiff did not relate this back pain to any work-related injury. However, the week earlier, he had indicated to Mr. Wigley that he was going to go motorcycle riding over the weekend. It was not until January 9, 1993, following receipt by defendant-employer of the Form 18 that plaintiff had filed in November, 1992, that Mr. Wigley first learned that plaintiff was claiming a work-related injury occurring during the summer of 1992.
4. When plaintiff saw Dr. Pitts on October 5, 1992, he related his complaints of back pain to a "big bear hug" his daughter gave him. Furthermore, plaintiff related that his injury was not a workers' compensation injury. Dr. Pitts' impression was lumbar disc derangement. In describing plaintiff's condition, Dr. Pitts stated that "his [plaintiff's] back did not get this way in one day, but is the result of many years of bending, lifting and twisting."
5. Subsequently, plaintiff came under the care of Dr. Suh at the North Carolina Spine Center on April 7, 1993. This was the first time that plaintiff related to a medical provider the asserted injury occurring in July, 1992. Following his evaluation, Dr. Suh's impression was degenerative disc disease. After a course of conservative therapy, plaintiff ultimately underwent fusion surgery with excellent results. Dr. Suh concurred with Dr. Pitts' opinion that plaintiff's back condition was one of a chronic nature.
6. Plaintiff stated that following surgery, due to his back condition, he was unable to engage in any significant physical activity and that he had only looked for work at two places since November, 1992. Plaintiff further stated that he had thought about applying at a third place, a bar and grill, but that he did not want to work there since he quit drinking liquor years ago. However, in his May 5, 1993 record, Dr. Suh indicated that plaintiff admitted to drinking alcohol and smoking marijuana. Further, videotape evidence submitted at the time of the initial hearing showed plaintiff going into a liquor store and buying liquor. It is plaintiff's contention that he has been essentially a "housewife" and that the most strenuous activity he engages in is sweeping/vacuuming. However, the videotape evidence showed plaintiff playing basketball in a very fast paced game for over an hour, riding a bicycle, and engaging in various other physical activities.
7. A review of the totality of the evidence in this case reveals that plaintiff has provided various inconsistent statements regarding his claimed injury and the resulting consequences. He has provided inconsistent dates regarding the claimed injury, and he has also provided inconsistent histories regarding the onset of his injury to his medical providers. Furthermore, Mr. Wigley, plaintiff's former supervisor in the summer of 1992, who no longer works for defendant-employer and who now lives in another state, is deemed by the undersigned to be an unbiased and credible witness. Based on Mr. Wigley's testimony, the undersigned find that plaintiff did not report a work-related injury to Mr. Wigley on or about August 17, 1992, but rather came to work on the morning of August 17, 1992 complaining of back pain. A review of the medical evidence in this case reveals that both Dr. Pitts and Dr. Suh felt that claimant had a chronic back condition which had progressed over many years. Furthermore, plaintiff's testimony regarding his present "very limited" physical capacity is totally contradicted by more credible and convincing videotaped evidence submitted at the time of the initial hearing. In light of plaintiff's failure to timely report his claimed injury, plaintiff's contradictory statements regarding the date of his injury, and plaintiff's contradictory statements to medical providers regarding the onset of his back pain as well as plaintiff's inaccurate testimony regarding his physical capabilities and activities, the undersigned find that plaintiff is not an accurate historian and is not credible or convincing. Therefore, his back condition cannot be attributed to any injury arising out of and during the course of his employment with defendant-employer. Plaintiff has failed to sufficiently or credibly carry his burden of proof. Plaintiff has failed to convincingly prove that he sustained an injury to his back arising out of and in the course of his employment with defendant-employer either by accident or as the result of a specific traumatic incident of the work assigned.
 *********** Based on the foregoing stipulations and findings of fact, the undersigned make the following CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer. Further, plaintiff did not sustain a back injury as the result of a specific traumatic incident of the work assigned. N.C.G.S. § 97-2(6).
2. Plaintiff is not entitled to benefits pursuant to the provisions of the North Carolina Workers' Compensation Act. N.C.G.S. § 97-2, et seq.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enter the following
 ORDER
1. Plaintiff's claim for compensation is hereby DENIED.
2. Each side shall pay its own costs.
IT IS FURTHER ORDERED that this case be REMOVED from the Full Commission hearing docket.
This the ___ day of March, 1999.
 S/_____________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/_____________ RENEE C. RIGGSBEE COMMISSIONER
S/_____________ BERNADINE S. BALLANCE COMMISSIONER
JHB:kws